UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN SWANSON,<br>　　Plaintiff, | )<br>)<br>) |
| vs. | ) Case No. 22-4163<br>) |
| GREGG SCOTT, et.al.,<br>　　Defendants | )<br>)<br>) |

CASE MANAGEMENT ORDER

JAMES E. SHADID, U.S. District Judge:

The *pro se* Plaintiff is detained at the Rushville Treatment and Detention Center and seeks leave to proceed *in forma pauperis* (IFP). [3].

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.,* 461 F.2d 649, 651 (7th Cir. 1972).

Additionally, a court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed *in forma pauperis* only if the complaint states a federal claim.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough

1

facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.,* 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## I. ALLEGATIONS

Plaintiff has identified five Rushville Defendants including former Director Gregg Scott, current Director Greg Donathan, Assistant Director Eric Kunkel, Grievance Officer Sandra Simpson, and Grievance Officer Paul Vincent. Unfortunately, Plaintiff does not clearly articulate his claims.

Plaintiff begins by stating he seeks to bring his claims on behalf of other Rushville residents in a class action lawsuit. Plaintiff is the only plaintiff named in the caption and the only individual who signed the complaint. Further, a plaintiff "bringing a pro se action cannot represent a class of plaintiffs." *Richard v. Illinois Dept. of Corrections*, 2016 WL 2941210, at *1 (S.D.Ill. May 20, 2016), *citing Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 831 (7th Cir. 1986); Fed. R. Civ. P. 11.

Plaintiff then cites to case law concerning a denial of access to the courts, but he has not provided any information concerning his specific claim, nor has he stated how any named Defendant was involved in his claim.

To satisfy the notice pleading standard of Federal Rule of Civil Procedure 8(a)(2), Plaintiff must provide a short and plain statement of his claim sufficient to give the Defendants fair notice of his allegations. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Plaintiff does not have to provide detailed allegations, but "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), *quoting Bell Atl. Corp.,*

2

550 U.S. at 570.  "In other words, a plaintiff 'must plead some facts that suggest a right to relief that is beyond the speculative level.'" *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015), *quoting Atkins v. City of Chicago,* 631 F.3d 823, 832 (7th Cir. 2011).  Plaintiff has failed to meet this standard and therefore he has failed to articulate a claim.

The Court will allow Plaintiff one opportunity to file an amended complaint.  Plaintiff *must* abide by the following directions:

1) Plaintiff must limit his claims to allegations directly concerning him and not other Rushville residents.

2) Plaintiff must not include caselaw in his amended complaint.

3) Plaintiff's complaint must include numbered paragraphs.  For each claim, Plaintiff must briefly state what happened, when it happened, who was involved, and how it impacted Plaintiff.  Plaintiff must clearly provide a time frame, and he must clearly state how each Defendant was involved.

4) If Plaintiff is alleging a claim based on the denial of access to the courts, he must clearly allege Defendants hindered his efforts to pursue a nonfrivolous claim.  *See Tarpley v. Allen County*, 312 F.3d 895, 899 (7th Cir. 2002); *see also Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006)(plaintiff must "spell out, in minimal detail" the connection between the denial of access to legal materials and the resulting prejudice to a potentially meritorious legal claim).

If Plaintiff fails to follow these directions in his amended complaint, of fails to file his amended complaint by the deadline provided below, his case will be dismissed.

Finally, if Plaintiff wishes to request a temporary restraining order (TRO) or a preliminary injunction, he must first clearly state his intended claims in an amended complaint.  Plaintiff may then file a *separate* motion for injunctive relief demonstrating why he is entitled to either a TRO or a preliminary injunction. *See* Fed. R. Civ. P. 65(a)(1); Fed. R. Civ. P. 65(b)(1)(A).

IT IS THEREFORE ORDERED:

1) Plaintiff's Petition to Proceed In Forma Pauperis is DENIED with leave to renew [3]. Plaintiff's motion to waive the reduced filing fee is consequently denied [7]. If Plaintiff renews his motion to waive the fee, he must include a copy of his Trust Fund Ledger demonstrating he is unable to pay a reduced fee.

2) Plaintiff's complaint is dismissed for failure to state a constitutional violation. *See* 28 U.S.C. § 1915(d)(2).

3) If Plaintiff believes he can cure the deficiencies noted in his complaint, he may file an amended complaint on or before March 16, 2023. The pleading must be titled "Amended Complaint" and must include all claims and Defendants without reference to the initial complaint. Failure to file an amended complaint in compliance with this order or on or before the deadline will result in the dismissal of this case.

3) Plaintiff's motion for appointment of counsel is denied with leave to renew after Plaintiff clarifies his claims [4]. Plaintiff is reminded he must demonstrate he has made a reasonable attempt to obtain counsel or been effectively precluded from doing so. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

4) The Clerk of the Court is directed to reset the internal merit review deadline within 21 days of this order.

ENTERED this 22nd day of February, 2023.

s/ James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE